IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALBERT JACKSON, | ) |
|      Petitioner, | ) |
| vs. | ) No. 14-3307 |
| UNITED STATES OF AMERICA, | ) |
|      Respondent. | ) |

## OPINION

RICHARD MILLS, U.S. District Judge:

Pending is the Motion of Albert Jackson to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. Pending also is his Motion for the Recusal of the Presiding Judge.

Following a jury trial, Albert Jackson was found guilty on June 16, 1994 of conspiracy to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(B)(ii) and 21 U.S.C. § 846 (Count I), and with knowingly possessing with intent to distribute more than 500 grams of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(ii) (Count II). Jackson was sentenced to a term of 480 months

imprisonment to be served consecutively to a previous unrelated federal drug case wherein he was sentenced to serve 262 months.

Jackson has argued in a number of recent filings that he was actually sentenced in 1994 to 40 months, not 480 months. He bases this argument on a clerical error in the transcript which twice states that the sentence imposed is 40 months. The written judgment accurately stated Jackson was to be imprisoned for 480 months.

Jackson made the same argument regarding his sentence when he petitioned in 2010 for a writ of habeas corpus under 28 U.S.C. § 2241 in the Southern District of Indiana, where he was incarcerated. United States District Judge Larry J. McKinney accurately concluded that Jackson is serving a 480-month term and denied his petition. The United States Court of Appeals for the Seventh Circuit affirmed that judgment. See Jackson v. Marberry, 407 F. App'x 62 (7th Cir. 2011).

A review of the Seventh Circuit's opinion illustrates why Jackson was sentenced to 40 years and not 40 months:

> Jackson had already been convicted in 1991 of two cocaine-related offenses in the Central District of Illinois–and

sentenced to 262 months' imprisonment. . . . At sentencing, Judge Richard Mills determined that Jackson's guidelines imprisonment range was 360 months to life. The government recommended a sentence in the range of 360 to 480 months, consecutive to the sentence Jackson was serving. Jackson's attorney argued for 360 months, concurrent to the remainder of the 262-month term.

Id. at 63. The Seventh Circuit further noted that, in imposing sentence, the undersigned observed "Jackson had failed to accept responsibility for his actions, had testified falsely at trial, and had 10 prior convictions–8 of them drug-related–that needed to be taken into account." Id.

Accordingly, the Seventh Circuit has considered and rejected the Petitioner's argument. In affirming the judgment of the Southern District of Indiana, it held:

> Jackson maintains on appeal that Judge Mills actually sentenced him to 40 months in prison, but that argument is futile in the wake of Judge Mills' order correcting the transcript. (It is also inconsistent with our description of the sentence as 480 months when Jackson appealed his 1994 convictions. See United States v. Jackson, 61 F.3d 906 (7th Cir. 1995) (unpublished).) Jackson contends that the government improperly used Rule 36 to fix a "judicial gaffe" rather than a clerical error . . . In doing so, he says, Judge Mills imposed an illegal new sentence of 480 months' imprisonment. But in fact Judge Mills determined, after listening to the recording, that he said "four hundred eighty months" when he sentenced Jackson.

3

> His order, then, did not impose a s new punishment, but simply fixed an error in transcription. That was appropriate, because such a mistake is clerical and within the scope of Rule 36.

Id. at 64.

In a Text Order entered on September 12, 2014, this Court Ordered that a copy of the transcript from the sentencing hearing be provided to Jackson. Because Jackson was able to review the complete transcript of the November 7, 1994 sentencing hearing, therefore, it should be apparent to him that he was sentenced to 40 years imprisonment.

Accordingly, two federal district courts and one federal court of appeals have correctly determined that Albert Jackson was sentenced to 480 months imprisonment. Jackson's assertion that he was sentenced to 40 months imprisonment is made in bad faith. Even if Jackson could establish that he is entitled to relief, however, his motion would be dismissed by this Court because only the court of appeals can certify a second or successive motion. See 28 U.S.C. § 2255(h).

Ergo, the Motion to Vacate, Set Aside or Correct Sentence [d/e 1] is DISMISSED.

The Motion for Recusal [d/e 2] is DISMISSED.

ENTER: October 23, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge